IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MONROE G. EVANS III, | |
| Plaintiff, | 8:24CV34 |
| vs. | |
| NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, CRAIG GABLE, SCOTT BUSBOOM, JEFFREY KASSELMAN, SARA ALLEN, and MICHAEL CARR, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on Plaintiff's motion dated May 12, 2025, which the Court liberally construes as a motion to voluntarily dismiss pursuant to Federal Rule of Civil Procedure 41 and as a motion for refund of filing fees. Filing No. 9. Rule 41(a) states that a plaintiff may dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). In addition, Rule 41(a)(2) provides that an action may be dismissed at the plaintiff's request "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Here, Plaintiff asks the Court to dismiss this action and Defendants have not been served with process. Upon consideration, Plaintiff's request to voluntarily dismiss this action will be granted.

Plaintiff also seeks to be reimbursed the $350.00 filing fee he paid. The Court cannot refund any portion of Plaintiff's filing fee in this case and his request must be denied. Under the Prison Litigation Reform Act, an indigent inmate who files a lawsuit in federal court must pay the $350.00 filing fee,

first by making an initial partial payment and then by sending the remainder of the fee to the Court in installments. The method for collecting the filing fee from a prisoner is specifically provided for in 28 U.S.C. § 1915(b). Section 1915(b) is written in mandatory terms ("the prisoner shall be required to pay"), leaving no discretion to the district court to waive an in forma pauperis prisoner's filing fee. Moreover, the Prison Litigation Reform Act makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal, even if the case is dismissed at a later time. *See In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997). The Court previously advised Plaintiff of his obligation for payment of the entire filing fee when it granted his motion to proceed in forma pauperis. Filing No. 7 at 2; *see also* Filing No. 4 at 1 n.1.

    IT IS THEREFORE ORDERED that:

    1.    Plaintiff's motion, Filing No. 9, is granted in part, and denied in part as follows:

        a.    Plaintiff's request for dismissal of this action is granted. Accordingly, this matter is dismissed without prejudice.

        b.    Plaintiff's request for reimbursement of the filing fee is denied.

    2.    A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 20th day of May, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge